◾ ROBERT RICCIO, Respondent-Appellant, v NHT OWNERS, LLC, et al., Appellants-Respondents. [858 NYS2d 363]—

In an action to recover damages for personal injuries, the defendants NHT Owners, LLC, and Mallory Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated August 23, 2006, as denied those branches of their motion which were for summary judgment dismissing the causes of action based on common-law negligence, Labor Law §§ 200 and 240 (1), and so much of the cause of action based on Labor Law § 241 (6) as was predicated upon alleged violations of 12 NYCRR 23-1.21 (b)

(1) and (3) (iv), insofar as asserted against them, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as denied his motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1), insofar as asserted against the defendants NHT Owners, LLC, and Mallory Management Corp.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, an elevator mechanic, was injured while replacing a hoistway door track on a malfunctioning elevator located in a building owned by NHT Owners, LLC (hereinafter NHT), and managed by Mallory Management Corp. (hereinafter Mallory). Along with a helper, the plaintiff was sent by his employer Vertical Elevator Co., Inc. (hereinafter Vertical) to replace the door track. The plaintiff brought a stackable ladder with him from Vertical's office, and his helper obtained an eight-foot-long A-frame ladder from the building's superintendent. The plaintiff set up the stackable ladder and his helper set up the A-frame ladder, and they were both working side-by-side in the "pit" of the elevator, that is, the area below the elevator cab. When the helper was having trouble installing bolts on the door track while on the A-frame ladder, he left the pit, while the plaintiff ascended the A-frame ladder to install the bolts. As the plaintiff stood on the second and third step from the top of the ladder, with a ratchet in his right hand and his left hand grabbing the newly-installed door track, he felt the ladder move and fell backwards approximately five feet to the ground.

The plaintiff thereafter commenced this action against NHT and Mallory (hereinafter the defendants), among others, alleging causes of action based on common-law negligence and Labor Law §§ 200, 240 (1), and § 241 (6). The Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1), and denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action based on common-law negligence, Labor Law §§ 200 and 240 (1), and so much of the cause of action based on Labor Law § 241 (6) as was predicated upon an alleged violation of 12 NYCRR 23-1.21 (a) and (b). The defendants appeal and the plaintiff cross-appeals. We affirm.

"Labor Law § 240 (1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law" (*Andino v BFC Partners,* 303

AD2d 338, 339 [2003]). However, the statute protects workers engaged only in certain enumerated activities. For example, the statute covers repairs to a building or structure (*see* Labor Law § 240 [1]). However, it does not cover "routine maintenance in a nonconstruction, nonrenovation context" (*Diaz v Applied Digital Data Sys.,* 300 AD2d 533, 535 [2002]; *see Koch v E.C.H. Holding Corp.,* 248 AD2d 510, 511 [1998]). The question of whether a particular activity constitutes a "repair" or "routine maintenance" must be determined on a case-by-case basis (*see Prats v Port Auth. of N.Y. & N.J.,* 100 NY2d 878, 883 [2003]). Contrary to the defendants' contention, at the time of his accident, the plaintiff was engaged in a repair, and thus in an activity specifically protected by Labor Law § 240 (1) (*see Turisse v Dominick Milone, Inc.,* 262 AD2d 305 [1999]; *Spiteri v Chatwal Hotels,* 247 AD2d 297 [1998]).

Although the plaintiff was engaged in a protected activity, the Supreme Court properly denied both the plaintiff's motion for summary judgment on the issue of liability on the cause of action based on Labor Law § 240 (1), and that branch of the defendants' motion which was for summary judgment dismissing that cause of action. The parties failed to establish, prima facie, whether or not the ladder provided proper protection under Labor Law § 240 (1), and there remains a question of fact on this issue (*see Olberding v Dixie Contr.,* 302 AD2d 574 [2003]; *Avendano v Sazerac, Inc.,* 248 AD2d 340 [1998]).

Moreover, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6), to the extent that it was predicated upon alleged violations of 12 NYCRR 23-1.21 (b) (1) and (3) (iv). Contrary to the defendants' contention, the plaintiff, as was the case with his Labor Law § 240 (1) cause of action, was engaged in an activity protected by Labor Law § 241 (6) (*see Joblon v Solow,* 91 NY2d 457, 466 [1998]). In addition, the subject provisions of the Industrial Code are sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see Jicheng Liu v Sanford Tower Condominium, Inc.,* 35 AD3d 378 [2006]), and the defendants failed to make a prima facie showing that they did not violate them.

The parties' remaining contentions are without merit. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur. [*See* 13 Misc 3d 1209(A), 2006 NY Slip Op 51752(U).]