■ Roy Wildman, Respondent, v Lawrence Jensen et al., Appellants. Lawrence Jensen et al., Third-Party Plaintiffs-Appellants-Respondents, v Cablevision Systems New York City Corporation et al., Third-Party Defendants-Respondents-Appellants. [872 NYS2d 450]—

Order, Supreme Court, Bronx County (Dominic R. Massaro, J.), entered on or about July 1, 2008, which, insofar as appealed from, denied defendants' and third-party defendants' motions for summary judgment dismissing the complaint and the third-party complaint, respectively, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment in favor of defendants and third-party defendants dismissing the complaints against them.

Plaintiff, an employee of nonparty Corbel Installations, which connected cable service for customers of third-party defendant Cablevision Systems New York City Corporation, was sent to defendants' building by Corbel, pursuant to its agreement with Cablevision, to install cable service in an apartment. He allegedly was injured when he fell from a ladder during the course of his work, which was performed without defendants' knowledge

or consent. Public Service Law § 228 (1) (a) provides, in pertinent part, that "[n]o landlord shall . . . interfere with the installation of cable television facilities upon his property or premises." Since plaintiff "was on the owner's premises not by reason of any action of the owner but by reason of provisions of the Public Service Law," he was not an "employee" or "employed" within the meaning of the Labor Law and therefore is not entitled to its protections (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 576-577 [1990]). Similarly, he is not entitled to recover on his claim pursuant to the "common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]), since "but for Public Service Law § 228, plaintiff would be a trespasser upon [defendants'] property and [defendants] would neither owe a duty to plaintiff nor incur liability" (*Abbatiello*, 3 NY3d at 52).

We also find that plaintiff's affidavit, which was inconsistent with his deposition testimony, created merely a feigned issue of fact whether the work he was performing was covered by the Labor Law (*see Burkoski v Structure Tone, Inc.*, 40 AD3d 378, 383 [2007]).

Absent liability on defendants' part, there can be no third-party liability on Cablevision's part. Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.