Tukshaitov v Young Men's & Women's Hebrew Assn. (2020 NY Slip Op 01380)





Tukshaitov v Young Men's & Women's Hebrew Assn.


2020 NY Slip Op 01380


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-04778
 (Index Nos. 10591/09, 75144/12)

[*1]Ruslan Tukshaitov, appellant, 
v
Young Men's and Women's Hebrew Association, defendant third-party plaintiff-respondent, Sierra Consulting Group, Inc., defendant-respondent; Precision Elevator Corp., third-party defendant.


McManus Ateshoglou Adams Aiello & Apostolakos, PLLC, New York, NY (Christopher D. Skoczen and Peter Naber of counsel), for appellant.
Kennedys CMK LLP, New York, NY (Frank J. Wenick of counsel), for defendant third-party plaintiff-respondent.
James J. Toomey, New York, NY (Michael J. Kozoriz of counsel), for defendant-respondent.
Glenn R. Marshall & Associates (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for third-party defendant.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 30, 2017. The order, insofar as appealed from, granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff was employed as a mechanic's assistant by the third-party defendant, Precision Elevator Corp. (hereinafter Precision). The Young Men's and Women's Hebrew Association (hereinafter YMWHA) is the owner of a building located in Manhattan, and it hired Precision to perform work in connection with an elevator modernization project at the building, including, but not limited to, performing certain ongoing maintenance and repairs on the elevators. YMWHA also hired Sierra Consulting Group, Inc. (hereinafter Sierra), to, among other things, draft the work specifications for the elevator modernization project, conduct progress inspections, and generate progress reports for YMWHA.
On January 22, 2009, Precision dispatched the plaintiff and his coworkers to the subject building to work on the elevators. Upon arrival, the plaintiff and his supervisor unloaded the necessary tools from a Precision van, including, but not limited to, hoists and special belts. They proceeded to the elevator machine room, first by taking an elevator up to the penthouse floor, and [*2]then by ascending a "special staircase" to access the machine room. As instructed by Precision, the plaintiff and his supervisor removed a controller and a generator from one of the elevators and, using hoists, they lowered the equipment through a shaft located in the floor of the machine room, and down to the penthouse floor of the building, where the equipment was subsequently transported to the ground floor via another elevator.
The elevator machine room shaft is a two-level rectangular opening in the floor that connects the machine room to the penthouse floor. To open the shaft, one must first remove the top doors, which are composed of two metal sheets, each with attached metal handles. After the shaft doors are opened, they must be set aside, as there are no hinges and the doors are not otherwise connected to the shaft. Once the top doors are removed, the lower portion of the shaft is accessible through an access panel, which is opened, first, by sliding pistons to unlock the panel, and then by lowering the panel open, by rope, which panel remains attached to the shaft by hinges.
After the plaintiff and his supervisor removed the equipment and loaded it into the Precision van, they, along with two other Precision workers who were at the building working on a different elevator-related task, returned to the machine room to, among other things, close up the shaft. First, one of the workers pulled the rope to close the hinged lower shaft access panel, and then the plaintiff hammered in the sliding piston locks to secure it. The plaintiff and his coworkers went on to perform different tasks, leaving the upper portion of the shaft open, with the metal doors still to be closed and secured.
The plaintiff, without instruction or supervision, unilaterally decided to close the metal shaft doors by himself, by stepping into the shaft, standing on the hinged access panel, and pulling the first of the two doors into place. When the plaintiff started pulling the metal door toward him, the access panel swung open, and the plaintiff fell approximately 10 to 14 feet to the floor below, suffering injury. The plaintiff commenced this action against YMWHA, and a separate action against Sierra, to recover damages for personal injuries, asserting causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The action against Sierra was subsequently consolidated with the action against YMWHA.
We agree with the Supreme Court's determination granting the defendants' separate motions for summary judgment dismissing the complaints insofar as asserted against each of them. With respect to the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), the defendants submitted, inter alia, the plaintiff's deposition testimony demonstrating, prima facie, that it was the plaintiff's decision to climb into the shaft and stand on the access panel in an attempt to close the doors, while knowing that Precision's procedure was to stand on the floor of the machine room with another coworker, and close the doors from above. He also knew that his supervisor would not have approved of him standing on the access panel. The defendants established, as a matter of law, that the plaintiff's actions were the sole proximate cause of his injuries (see Montgomery v Federal Express Corp., 4 NY3d 805; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280; but cf. Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904). In opposition, the plaintiff failed to raise a triable issue of fact.
We also agree with the Supreme Court's determination granting those branches of the defendants' separate motions which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action. The defendants established, prima facie, that they did not have the authority to supervise or control the plaintiff's actions (see Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 702; Marquez v L & M Dev. Partners, Inc., 141 AD3d 694, 699), and did not have actual or constructive notice of the alleged dangerous condition (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864; Gonzalez v Magestic Fine Custom Home, 115 AD3d 796, 797). In opposition, the plaintiff failed to raise a triable issue of fact.
Furthermore, for the reasons stated above, the plaintiff failed to make a prima facie showing of his entitlement to summary judgment on the issue of liability. Thus, we agree with the Supreme Court's determination denying the plaintiff's motion seeking that relief.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court