Ahmed v F & G Group, LLC (2020 NY Slip Op 05878)





Ahmed v F & G Group, LLC


2020 NY Slip Op 05878


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00751
 (Index No. 8268/15)

[*1]Nazir Ahmed, appellant, 
v
F & G Group, LLC, et al., respondents, et al., defendant. Kagan & Gertel, Brooklyn, NY (Irving Gertel of counsel), for appellant.


Lewis, Brisbois, Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Kristen Carroll of counsel), for respondent F & G Group, LLC.
Camacho, Mauro, Mulholland, LLP, New York, NY (Nicholas V. Ferrara of counsel), for respondent Expert Enterprises, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated November 16, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and granted those branches of the separate cross motions of the defendants F & G Group, LLC, and Expert Enterprises, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff commenced this action against F & G Group, LLC (hereinafter F & G), Expert Enterprises, Inc. (hereinafter Expert), and another defendant, to recover damages for personal injuries. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). F & G and Expert separately cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated November 16, 2017, the Supreme Court, inter alia, granted those branches of the separate cross motions of F & G and Expert and denied that branch of the plaintiff's motion. The plaintiff appeals.
We agree with the Supreme Court's determination granting those branches of the separate cross motions of F & G and Expert which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against each of them. "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476, 479). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1)" (Treu v Cappelletti, 71 AD3d 994, 997). Here, F & G and Expert established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law [*2]§ 240(1) cause of action insofar as asserted against each of them by demonstrating that the plaintiff's actions were the sole proximate cause of his injuries (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554; Montgomery v Federal Express Corp., 4 NY3d 805, 806; Tukshaitov v Young Men's & Women's Hebrew Assn., 180 AD3d 1101, 1103). In opposition, the plaintiff failed to raise a triable issue of fact.
For similar reasons, the plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Thus, we agree with the Supreme Court's determination denying that branch of the plaintiff's motion which sought that relief.
We also agree with the Supreme Court's determination granting those branches of the separate cross motions of F & G and Expert which were for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against each of them. F & G and Expert established, prima facie, that they did not have the authority to supervise or control the plaintiff's actions, and did not have actual or constructive notice of the alleged dangerous condition (see Tukshaitov v Young Men's & Women's Hebrew Assn., 180 AD3d at 1103). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court