Tomlinson v Demco Props. NY, LLC (2020 NY Slip Op 07616)





Tomlinson v Demco Props. NY, LLC


2020 NY Slip Op 07616


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2018-12965
 (Index No. 2460/15)

[*1]Christopher Tomlinson, appellant,
v
Demco Properties NY, LLC, et al., respondents (and a third-party action).


Jacoby & Meyers LLP, Newburgh, NY (Lawrence D. Lissauer of counsel), for appellant.
Alan R. Lewis, Newburgh, NY, for respondent Demco Properties NY, LLC.
Boeggeman, Corde, Ondrovic & Hurley, P.C., White Plains, NY (Daniel E. O'Neill of counsel), for respondent RAB Communications, Inc.
Leonard Kessler, Westtown, NY, for respondent Time Warner Cable, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated August 24, 2018. The order, insofar as appealed from, (1) granted that branch of the motion of the defendant Time Warner Cable, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, (2) granted the separate motions of the defendant Demco Properties NY, LLC, and the defendant RAB Communications, Inc., for summary judgment dismissing the amended complaint insofar as asserted against each of them, and (3) denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant Demco Properties NY, LLC.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff, an independent contractor, was retained by the defendant RAB Communications, Inc. (hereinafter RAB), to install internet, telephone, and cable television services for a tenant at a property owned by the defendant Demco Properties NY, LLC (hereinafter Demco). RAB was a subcontractor of the defendant Time Warner Cable, Inc. (hereinafter Time Warner). The plaintiff utilized his own truck, tools, ladders and equipment.
On December 20, 2013, the plaintiff allegedly was injured when, in the course of attempting to free a cable wire that had become caught, he stepped from a ladder onto a porch roof covered with snow and ice and fell to the ground. Thereafter, the plaintiff commenced the instant action against Demco, RAB, and Time Warner to recover damages for common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Time Warner, Demco, and RAB separately moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of liability on [*2]the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Demco. The Supreme Court granted those branches of the motions which were for summary judgment and denied the cross motion. The plaintiff appeals.
With regard to the causes of action alleging common-law negligence and a violation of Labor Law § 200, the plaintiff discontinued these causes of action insofar as asserted against Demco, and we agree with the Supreme Court's determination granting those branches of the motions of Time Warner and RAB which were for summary judgment dismissing these causes of action insofar as asserted against each of them. "A contractor may be liable in common-law negligence and under Labor Law § 200 in cases involving an allegedly dangerous premises condition only if it had control over the work site and either created the dangerous condition or had actual or constructive notice of it" (Mendez v Vardaris Tech, Inc., 173 AD3d 1004, 1005 [internal quotation marks omitted]). Here, Time Warner and RAB established, prima facie, that they neither created the allegedly dangerous condition nor had actual or constructive notice of such condition (see Palacios v 29th St. Apts, LLC, 110 AD3d 698, 699). In opposition, the plaintiff failed to raise a triable issue of fact.
With regard to the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), we agree with the Supreme Court's determination granting those branches of the separate motions of Time Warner and RAB which were for summary judgment dismissing those causes of action insofar as asserted against each of them. Those defendants each established, prima facie, that the plaintiff's actions were the sole proximate cause of his injuries (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280; Tukshaitov v Young Men's and Women's Hebrew Assn., 180 AD3d 1101, 1103; Melendez v 778 Park Ave. Bldg. Corp., 153 AD3d 700, 763-764). The plaintiff utilized his 28-foot extension ladder on the side of the house and was attempting to "put" a wire through a "P hook" which he had installed on the house. According to the plaintiff, the wire became "stuck" on the "arch of the porch." The plaintiff chose to step off the ladder and onto the porch roof to "get the wire to come loose." The plaintiff did so even though he observed that the porch roof was covered with "a lot of snow." Further, when the plaintiff dismounted the ladder, he knew that he was stepping onto a snowy, sloped surface. In opposition, the plaintiff failed to raise a triable issue of fact.
Additionally, we agree with the Supreme Court's determination to grant that branch of Demco's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51). Here, Demco was unaware that a cable technician would be on the property. Contrary to the plaintiff's contention, Demco did not consent to the service installation, as any permission to work at the property "was granted upon compulsion" of Public Service Law § 228 (Abbatiello v Lancaster Studio Assoc., 3 NY3d at 52; see Public Service Law § 228[1][a][1]; Wildman v Jensen, 59 AD3d 165, 165-166).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court