Marney v Cornell Kent II Holdings, LLC (2021 NY Slip Op 03170)





Marney v Cornell Kent II Holdings, LLC


2021 NY Slip Op 03170


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-10030
 (Index No. 504701/13)

[*1]Dennis Marney, appellant, 
v
Cornell Kent II Holdings, LLC, et al., respondents, et al., defendants.


Hofmann & Schweitzer, New York, NY (Paul T. Hofmann of counsel), for appellant.
Daniel E. Kane, P.C., Brooklyn, NY, for respondents Cornell Kent II Holdings, LLC, and Cornell Kent Holdings, LLC.
Vouté, Lohrfink, Magro & McAndrew, LLP, White Plains, NY (Jeffrey S. Peske of counsel), for respondent RA Consultants, LLC.
Cascone & Kluepfel, LLP, Garden City, NY (Beth L. Rogoff-Gribbins and Michelle Meiselman of counsel), for respondent Cornell Realty Management, LLC.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated July 11, 2018. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Cornell Kent II Holdings, LLC, and Cornell Kent Holdings, LLC, the defendant RA Consultants, LLC, and the defendant Cornell Realty Management, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In April 2013, the plaintiff, an employee of nonparty Warren George, Inc. (hereinafter WGI), was injured while drilling for soil samples at the subject property, which allegedly was owned by the defendants Cornell Kent II Holdings, LLC, and Cornell Kent Holdings, LLC (hereinafter together the Cornell entities). Prior to the accident, the defendant Cornell Realty Management, LLC (hereinafter CRM), entered into a contract with the defendant RA Consultants, LLC (hereinafter RAC), wherein RAC agreed to perform geotechnical testing at the subject property, inter alia, to test the soil for future excavation and construction work. Pursuant to this contract, RAC hired WGI to perform the drilling for the soil samples. The plaintiff was injured when the drill he was using allegedly malfunctioned.
In August 2013, the plaintiff commenced this action, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). The Cornell entities, CRM, and RAC (hereinafter collectively the defendants) separately moved, inter alia, for [*2]summary judgment dismissing the complaint insofar as asserted against each of them, and the plaintiff cross-moved for summary judgment on the complaint insofar as asserted against the defendants. The Supreme Court, among other things, granted those branches of the defendants' motions and denied the plaintiff's cross motion. The plaintiff appeals.
Labor Law § 241(6) imposes a nondelegable duty on property owners and contractors "to provide reasonable and adequate protection and safety" to persons performing work on the property and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502; Zukowski v Powell Cove Estates Home Owners Assn., Inc., 187 AD3d 1099, 1103). "[T]he courts have generally held that the scope of Labor Law § 241(6) is governed by 12 NYCRR 23-1.4(b)(13), which defines construction work expansively. Under that regulation, construction work consists of [a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures" (De Jesus v Metro-North Commuter R.R., 159 AD3d 951, 953 [internal quotation marks omitted]; see 12 NYCRR 23-1.4[b][13]; Wass v County of Nassau, 173 AD3d 933, 935).
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against each of them by demonstrating that the plaintiff was not engaged in construction or any other work within the purview of Labor Law § 241(6). The record demonstrates that the plaintiff's work was part of a geotechnical investigation to determine, among other things, the properties of the soil and the suitability of the soil for excavating and constructing a structure. No construction was ongoing when the plaintiff was injured, and the necessary demolition, clearing, and grading of the lot had already occurred before the plaintiff began his work. Further, the contract between RAC and CRM only retained WGI to perform the drilling for soil samples, and did not retain WGI for any future construction work. The plaintiff's work was therefore "investigatory" and was to terminate prior to the actual commencement of any construction work, thus falling into "a separate phase easily distinguishable from other parts of the larger construction project" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881; see Panek v County of Albany, 99 NY2d 452, 457; Martinez v City of New York, 93 NY2d 322, 326). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against each of them, concerning the manner in which the work was performed, as the record demonstrates that they did not supervise, direct, or otherwise control the plaintiff's work (see Salgado v Rubin, 183 AD3d 617, 618-619; Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 865; Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673). The record demonstrates that only WGI supervised the plaintiff's work, that the plaintiff reported safety concerns only to WGI, and that although RAC instructed the plaintiff as to the number and depth of the holes to drill, RAC did not direct or instruct the plaintiff on how to perform the drilling (see Natale v City of New York, 33 AD3d 772, 772-773). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them and, for the same reasons stated above, properly denied the plaintiff's cross motion for summary judgment on the complaint insofar as asserted against the defendants.
The parties' remaining contentions either have been rendered academic in light of our determination or are without merit.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court