Estick v Myrtil (2021 NY Slip Op 04747)





Estick v Myrtil


2021 NY Slip Op 04747


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-02228
 (Index No. 500758/14)

[*1]Andrew Estick, appellant, 
v
Micheline Myrtil, respondent.


Hill & Moin, LLP, New York, NY (Cheryl Eisberg Moin and Elliot Pasik of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi Kunzig of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated November 16, 2017. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6).
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured when he fell from a ladder while installing cable services for a tenant at a property owned by the defendant. The plaintiff thereafter commenced this action against the defendant, inter alia, to recover damages for violations of Labor Law §§ 200, 240(1), and 241(6). The defendant subsequently moved for summary judgment dismissing the complaint. In an order dated November 16, 2017, the Supreme Court, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing the Labor Law causes of action. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly determined that the defendant established, prima facie, her entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action. The defendant's submissions demonstrated that the requisite nexus between the defendant and the plaintiff's work did not exist, and in opposition, the plaintiff failed to raise a triable issue of fact (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51; Tomlinson v Demco Props. NY, LLC, 189 AD3d 1294; Paul v Village of Quogue, 178 AD3d 942; cf. Barone v 1116 Ave H Realty, LLC, 151 AD3d 928).
The plaintiff's remaining contentions are without merit, have been rendered academic in light of our determination, or need not be addressed.
The defendant's argument that the Supreme Court erred in denying that branch of her motion which was for summary judgment dismissing the cause of action alleging common-law [*2]negligence is not properly before this Court since the defendant did not cross-appeal from the order appealed from (see Yacono v United Mgt. Corp., 185 AD3d 985).
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court