Morales v 50 N. First Partners, LLC (2022 NY Slip Op 04801)

Morales v 50 N. First Partners, LLC

2022 NY Slip Op 04801

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-08759
2022-02025
 (Index No. 500869/14)

[*1]Angel Morales, appellant, 
v
50 North First Partners, LLC, et al., respondents.

Silberstein Awad & Miklos, P.C., Garden City, NY (Daniel P. Miklos of counsel), for appellant.
Dorf & Nelson, LLP, Rye, NY (Stephanie K. McDougall of counsel), for respondent 50 North First Partners, LLC.
Gallo Vitucci Klar, LLP, New York, NY (Christopher L. Parisi and C. Briggs Johnson of counsel), for respondent Bayport Construction Corp.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 20, 2019, and (2) a judgment of the same court entered July 8, 2019. The order, insofar as appealed from, granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against each of them. The judgment, insofar as appealed from, upon the order, is in favor of the defendant 50 North First Partners, LLC, and against the plaintiff dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against that defendant. The notice of appeal is deemed to be a notice of appeal from so much of the judgment as dismissed the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against the defendant 50 North First Partners, LLC (see CPLR 5501[c]).
ORDERED that the appeal from so much of the order as granted those branches of the cross motion of the defendant 50 North First Partners, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against it is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed, and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from so much of the order as granted those branches of the cross motion of the defendant 50 North First Partners, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against it must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The [*2]issues raised on the appeal from so much of the order as granted those branches of the cross motion of the defendant 50 North First Partners, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against it are brought up for review and have ben considered on the appeal from the judgment (see CPLR 5501 [a][1]).
In February 2014, the plaintiff commenced this action alleging violations of Labor Law §§ 200, 240(1) and 241(6), as well as common-law negligence, against the defendants, 50 North First Partners, LLC (hereinafter 50 North), and Bayport Construction Corp. (hereinafter Bayport; hereinafter together the defendants) for injuries he alleged he sustained when he was working at an apartment complex in Brooklyn that was under construction and owned by 50 North (hereinafter the property). The plaintiff alleged that he was an employee of a nonparty retained by the property's managing agent to oversee the final stages of the construction project and that Bayport was the general contractor for the construction project at the property. According to the plaintiff, he was responsible for, inter alia, installing stacked washer and dryer units in apartments in the property and was injured in June 2013 when he was installing a stacked washer and dryer unit at the property. According to the plaintiff, on the day at issue, he was standing on an inverted bucket in order to reach the power cable for the stacked washer dryer unit that he had just pushed into the closet before he had plugged in the power cable. The plaintiff contended that the power cable was resting on top of the dryer and was out of reach, and that the washer dryer unit, although on wheels, was difficult to move, so he stood on an inverted bucket to reach the power cable. The plaintiff alleged that the bucket slipped out from under him and he fell and was injured.
As is relevant to the appeal, the defendants separately cross-moved for, among other things, summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated June 20, 2019, the Supreme Court, inter alia, granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against each of them. The plaintiff appeals.
The Supreme Court properly granted those branches of the separate cross motions of the defendants which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against each of them.
With respect to the cause of action alleging violations of Labor Law § 240(1), "[t]he
extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916, quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Thus, liability under Labor Law § 240(1) will not attach where the record demonstrates that the plaintiff did not need protection from the effects of gravity in order to perform his or her work (see Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681-682). Similarly, where a "'plaintiff's actions [are] the sole proximate cause of his injuries, . . . liability under Labor Law § 240(1) [does] not attach'" (Robinson v East Med. Ctr., LP, 6 NY3d 550, 554, quoting Weininger v Hagedorn & Co., 91 NY2d 958, 960; see Tukshaitov v Young Men's & Women's Hebrew Assn., 180 AD3d 1101, 1103).
Here, the defendants each established, prima facie, that the plaintiff was the sole proximate cause of his injuries because his conduct unnecessarily exposed him to an elevation-related risk (see Tomlinson v Demco Props. NY, LLC, 189 AD3d 1294, 1296; see also Broggy v Rockefeller Group, Inc., 8 NY3d at 681-682). The plaintiff's deposition testimony, which was submitted by both 50 North and Bayport in support of their respective cross motions for summary judgment, established that a ladder was not necessary for the plaintiff to do his work. The plaintiff testified that each of the stacked washer and dryer units that he was installing was on wheels and not secured within the closet in which they were being installed. The plaintiff's deposition testimony established that, prior to the incident, he had installed approximately 20 stacked washer and dryer units without using a ladder. Moreover, the plaintiff's deposition testimony also showed that, with respect to the unit he was installing on the day at issue, in order to reach the power cable, he could have moved the stacked washer and dryer out of the closet rather than stand on an inverted bucket, but he chose not to do so. In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
With respect to the Labor Law § 200 and common-law negligence causes of action, both defendants separately established, prima facie, that the plaintiff's accident did not result from an allegedly defective condition present at the work site (see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 1191-1192; Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 865). Both defendants also separately established, prima facie, that they did not have authority to supervise or control the performance of the plaintiff's work (see Marney v Cornell Kent II Holdings, LLC, 194 AD3d 917, 919-920; Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d at 1192). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d at 324).
Accordingly, the Supreme Court properly granted those branches of the separate cross motions of the defendants which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1) insofar as asserted against each of them.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court