Acevedo-Espinosa v RH 250 Sherman Ave., LLC (2024 NY Slip Op 04365)

Acevedo-Espinosa v RH 250 Sherman Ave., LLC

2024 NY Slip Op 04365

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2023-01248
 (Index No. 602286/18)

[*1]Julio Acevedo-Espinosa, appellant, 
v
RH 250 Sherman Avenue, LLC, et al., respondents.

Sanders Aronova Grossman Woycik Viener & Kalant, PLLC, Garden City, NY (Mark R. Bernstein of counsel), for appellant.
Bartlett LLP, Melville, NY (Robert G. Vizza and Susan B. Boland of counsel), for respondents.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Dawn Jimenez, J.), dated January 9, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied the plaintiff's cross-motion for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when he fell from a ladder while installing cable services for a tenant at a property owned by the defendant BSF 250-252 Sherman Holding, LLC, managed by the defendant Barberry Rose Management Company, Inc., and maintained by the defendant ARM Management, Inc. The plaintiff thereafter commenced separate actions, which were subsequently consolidated, against the defendants, alleging, inter alia, a violation of Labor Law § 240(1). The defendants subsequently moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order dated January 9, 2023, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied the plaintiff's cross-motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court properly determined that the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1). The defendants' submissions demonstrated that the requisite nexus between the defendants and the plaintiff's work did not exist, and in opposition, the plaintiff failed to raise a triable issue of fact (see Abbatiello v Lancaster Studio Assoc., 3 NY3d 46, 51; Estick v Myrtil, 197 AD3d 693, 693; Tomlinson v Demco Props. NY, LLC, 189 AD3d 1294, 1296). For the same reasons, the court properly determined that the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on his cross-motion for summary judgment on the issue of liability on that cause of action.
In light of our determination, we need not reach the plaintiff's remaining contention.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court