Cabrera v Provident Alpine Partners, L.P. (2025 NY Slip Op 03700)

Cabrera v Provident Alpine Partners, L.P.

2025 NY Slip Op 03700

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-10347
 (Index No. 611745/19)

[*1]Luis Cabrera, et al., appellants,
v
Provident Alpine Partners, L.P., respondent (and a third-party action).

Ginarte Gonzalez Winograd LLP, New York, NY (Anthony F. DeStefano of counsel), for appellants.
Crafa & Sofield (Mauro Lilling Naparty LLP, Woodbury, NY [Glenn A. Kaminska and Shaun Martinsen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered July 17, 2023. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and granted those branches of the defendant's cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and substituting therefor a provision denying those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
The plaintiff Luis Cabrera, a construction worker, allegedly was injured while performing renovation work as an employee of the third-party defendant, Loyal Stars Construction, Inc. (hereinafter Loyal). According to Cabrera, he fell from an aluminum A-frame ladder while demolishing a portion of a wall attached to a ceiling in an apartment building owned by the defendant, Provident Alpine Partners, L.P.
Cabrera and his wife, suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the defendant alleging, among other things, violations of Labor Law §§ 240(1) and 241(6). The plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and the defendant cross-moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). By order entered July 17, 2023, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion and granted those branches of the defendant's cross-motion. The plaintiffs appeal.
"Labor Law § 240(1) imposes a nondelegable duty upon owners and general [*2]contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Reyes v Astoria 31st St. Devs., LLC, 190 AD3d 872, 874). "[A] plaintiff may establish prima facie entitlement to judgment as a matter of law by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries" (Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725; see Injai v Circle F 2243 Jackson (DE), LLC, 230 AD3d 1122, 1124). However, "liability under Labor Law § 240(1) will not attach where the record demonstrates that the plaintiff did not need protection from the effects of gravity in order to perform his or her work" or where the "plaintiff's actions [are] the sole proximate cause of his [or her] injuries" (Morales v 50 N. First Partners, LLC, 208 AD3d 475, 478 [internal quotation marks omitted]; see Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681-682; Robinson v East Med. Ctr., LP, 6 NY3d 550, 554).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 240(1), based on evidence that Cabrera fell from a ladder that was defective or inadequately secured. In opposition, however, the defendant raised a triable issue of fact as to whether the plaintiff actually needed "protection from the effects of gravity in order to perform" his work and whether his actions were the sole proximate cause of his injuries (Morales v 50 N. First Partners, LLC, 208 AD3d at 478). The defendant submitted transcripts of the deposition testimony of both Loyal's principal and Cabrera's supervisor, which reflect that Cabrera was not required to use a ladder for the work that he was directed to perform. Contrary to the plaintiffs' contention, neither witness's testimony was incredible as a matter of law, as the testimony was not "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (Ren Yao v World Wide Travel of Greater N.Y., Ltd., 226 AD3d 838, 841; see Joseph-Felix v Hersh, 208 AD3d 571, 573). The testimony of Loyal's principal and Cabrera's supervisor raised a triable issue of fact as to whether Cabrera was the sole proximate cause of his injuries insofar as he engaged in an activity that he was not authorized or instructed to perform (see Morales v 50 N. First Partners, LLC, 208 AD3d at 478; Reyes v Astoria 31st St. Devs., LLC, 190 AD3d at 874). Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
However, contrary to the Supreme Court's determination, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1). In addition to evidence that Cabrera was not required to use a ladder for the work that he was directed to perform, the defendant also submitted a transcript of Cabrera's deposition testimony, wherein he testified that Loyal's principal instructed him to demolish a wall, including the portion intersecting with the apartment's ceiling. Such work would require Cabrera to use a ladder. Where, as here, "credible evidence reveals differing versions of the accident," one under which the defendant would be liable and another under which it would not, questions of fact exist making summary judgment inappropriate (Heras v Ming Seng & Assoc., LLC, 203 AD3d 1146, 1147 [internal quotation marks omitted]; see Rivas v Purvis Holdings, LLC, 222 AD3d 676, 677). Accordingly, the court should have denied that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), regardless of the sufficiency of the plaintiffs' opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Labor Law § 241(6) imposes a nondelegable duty on "owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501-502 [internal quotation marks omitted]; see St. Louis v Town of N. Elba, 16 NY3d 411, 413). Because an owner's duty under Labor Law § 241(6) is nondelegable, the Supreme Court incorrectly concluded that the defendant was entitled to summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) on the ground that the record was "devoid of any information" that the defendant had "control over the worksite" (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 502). Further, there is no merit to the defendant's contention that the cause of action alleging a violation of Labor Law § 241(6) was [*3]not pleaded with sufficient specificity (see generally Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1132-1133), and no merit to its contention that the plaintiffs improperly specified 12 NYCRR §§ 23-1.21(b)(3)(iv) and 23-1.21(b)(4)(ii) for the first time in opposition to the cross-motion for summary judgment (see Simmons v City of New York, 165 AD3d 725, 729).
12 NYCRR 23-1.21(b)(3)(iv), which requires that ladders "be maintained in good condition" and must not be used if they have "any flaw or defect of material that may cause ladder failure," is sufficiently specific to support a cause of action under Labor Law § 241(6) (see Riccio v NHT Owners, LLC, 51 AD3d 897, 898-899). Contrary to its contention, the defendant failed to demonstrate, prima facie, that it did not violate this provision. Among other things, Cabrera testified that the ladder shook beneath him, and the defendant did not submit evidence of the condition of the specific ladder at issue or the surface on which the ladder was situated (see generally Ochoa v JEM Real Estate Co., LLC, 223 AD3d 747, 749; Riccio v NHT Owners, LLC, 51 AD3d at 899). Under these circumstances, the defendant also failed to demonstrate, prima facie, that it did not violate 12 NYCRR 23-1.21(b)(4)(ii), which provides that "[a]ll ladder footings shall be firm," and "[s]lippery surfaces and insecure objects . . . shall not be used as ladder footings" (see generally Melchor v Singh, 90 AD3d 866, 870-871).
Accordingly, the Supreme Court should have denied that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), regardless of the sufficiency of the plaintiffs' opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court