■ MATTHEW J. HARKIN, Appellant, v COUNTY OF NASSAU, Respondent [996 NYS2d 289]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered October 15, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff was employed as a dock builder with nonparty Newborn Construction. On June 4, 2009, the plaintiff allegedly was injured while working on a floating work platform at the Wantagh Park Marina, which was owned by the defendant County of Nassau. The plaintiff commenced this action against the defendant alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241 (6).

The Supreme Court erred in granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The defendant failed to eliminate triable issues of fact as to whether it owned the allegedly defective floating work platform which caused the plaintiff's injuries. Since a premises condition is at issue, if the defendant owned the floating work platform, it would be absolved from liability for common-law negligence and under Labor Law § 200 only if it was shown that it neither created the alleged defect nor had actual or constructive notice of the alleged defect (*see Chowdhury v Rodriguez*, 57 AD3d 121, 128 [2008]). Here, there is a triable issue of fact as to whether the defendant had constructive notice of the alleged defect (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

The Supreme Court also erred in granting those branches of the defendant's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6). Contrary to the defendant's contention, 12 NYCRR 23-5.1 (e) sets forth specific, rather than general, safety standards, and is sufficient to support a Labor Law § 241 (6) cause of action (*see Klimowicz v Powell Cove Assoc., LLC*, 111 AD3d 605, 607 [2013]; *Susko v 337 Greenwich LLC*, 103 AD3d 434, 436 [2013]). The defendant failed to make a prima facie showing that 12 NYCRR 23-5.1 (e) was inapplicable to the facts of this case, or that the alleged violation thereof was not a proximate cause of the plaintiff's injuries (*see Silvas v Bridgeview Invs., LLC*, 79 AD3d 727, 732 [2010]).

Finally, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1). The plaintiff was engaged in the type of activity protected by Labor Law § 240 (1) since the work he was performing involved an elevation-related risk that exposed him to gravity-related hazards (*see Dooley v Peerless Importers, Inc.*, 42 AD3d 199, 203-204 [2007]). The defendant's contention that the Supreme Court properly granted summary judgment dismissing this cause of action because the plaintiff fell only part of the way through the floating work platform, and not all the way into the water, is without merit (*see Pipia v Turner Constr. Co.*, 114 AD3d 424, 426-427 [2014]; *Ramirez v Metropolitan Transp. Auth.*, 106 AD3d 799, 799-800 [2013]; *Franklin v Dormitory Auth. of State of N.Y.*, 291 AD2d 854, 854 [2002]).

Accordingly, the Supreme Court should have denied the de-

fendant's motion for summary judgment dismissing the complaint. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.