Lojano v Soiefer Bros. Realty Corp. (2020 NY Slip Op 06110)





Lojano v Soiefer Bros. Realty Corp.


2020 NY Slip Op 06110


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-04040
 (Index No. 12605/13)

[*1]Wilson Lojano, et al., plaintiffs-respondents,
v
Soiefer Bros. Realty Corp., respondent-appellant, Asif Holdings, LLC, appellant-respondent.


Chesney & Nicholas, LLP, Syosset, NY (Gabriel D. Rivera of counsel), for appellant-respondent.
Perez & Cariello, Uniondale, NY (Denise A. Cariello of counsel), for respondent-appellant.
Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for plaintiffs-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant ASIF Holdings, LLC, appeals, and the defendant Soiefer Bros. Realty Corp. cross-appeals, from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered March 1, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendant ASIF Holdings, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(e) insofar as asserted against it and, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, denied that branch of the motion of the defendant Soiefer Bros Realty Corp. which was for conditional summary judgment on its cross claim for common-law indemnification against the defendant ASIF Holdings, LLC, and, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.
The plaintiff Wilson Lojano (hereinafter the plaintiff) allegedly was injured when he fell approximately 13 feet from a makeshift scaffold while performing construction work at a building owned by the defendant Soiefer Bros Realty Corp. (hereinafter Soiefer) and leased by the defendant ASIF Holdings, LLC (hereinafter ASIF). ASIF had a warehouse at the subject location and had hired the plaintiff's employer, 21st Century Construction, to separate a portion of the warehouse with metal studs, sheetrock, and taping. Abraham Lokshin was a member of ASIF and the owner of 21st Century Construction.
Lokshin rented a scissor lift for the project, and believed that the plaintiff's work [*2]could be performed from the scissor lift. The plaintiff used the scissor lift for his work for a couple of weeks. However, according to the plaintiff, the day before his accident, Lokshin told him that it was taking too long to complete the work this way, and the plaintiff should build a scaffold. According to the plaintiff, Lokshin and the plaintiff built a makeshift scaffold together that day. The plaintiff used the scissor lift to elevate himself and his work materials to the level of the makeshift scaffold, and then he stepped onto the scaffold to work. The plaintiff worked in this manner the day prior to the accident and in the morning on the day of the accident without incident. According to the plaintiff, after lunch on the day of the accident, while the plaintiff was working on the makeshift scaffold, Lokshin came and removed the scissor lift to another area. Sometime thereafter, the plaintiff fell from the makeshift scaffold. The plaintiff had no memory of falling, and awoke some time later in the hospital.
The plaintiff, and his wife suing derivatively, commenced this action to recover damages, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). ASIF moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted as it. Soiefer separately moved, inter alia, for conditional summary judgment on its cross claim for common-law indemnification against ASIF. In the order appealed from, the Supreme Court, among other things, denied those branches of ASIF's motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(e), insofar as asserted against it, and denied that branch of Soiefer's motion which was for conditional summary judgment on its cross claim for common-law indemnification against ASIF. The court also searched the record and awarded summary judgment to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). ASIF appeals, and Soiefer cross-appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Rocovich v Consolidated Edison Co., 78 NY2d 509, 512). To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289). Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1) (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 289-290). A plaintiff may be the sole proximate cause of his or her own injuries when, acting as a "recalcitrant worker," he or she misuses an otherwise proper safety device, chooses to use an inadequate safety device when proper devices were readily available, or fails to use any device when proper devices were available (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554-555; Montgomery v Federal Express Corp., 4 NY3d 805, 806; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39-40; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 291-292).
Contrary to ASIF's contention, the evidence it submitted in support of its motion did not establish that the plaintiff was a "recalcitrant worker" who chose to use an improper safety device when a proper one was readily available. Rather, the evidence demonstrated that, although the plaintiff was provided with the scissor lift and used it to perform his work in the weeks leading up to the accident, the day before the accident his supervisor directed him to use the makeshift scaffold, which they built together, in order to expedite his work. The plaintiff's testimony in this regard was uncontroverted, as was his testimony that some time before the accident, the scissor lift was removed from the area where the plaintiff was working. Consequently, the plaintiff's actions cannot be considered the sole proximate cause of the accident (see Murray v Arts Ctr. & Theater of Schenectady, Inc., 77 AD3d 1155, 1156; Rico-Castro v Do & Co N.Y. Catering, Inc., 60 AD3d 749, 750; Pichardo v Aurora Contrs., Inc., 29 AD3d 879, 880-881). Further, because the evidence established that the plaintiff was not afforded the proper protection for the work being performed, and that this failure was a proximate cause of his injuries, the Supreme Court did not improvidently exercise its discretion in searching the record on ASIF's motion and awarding summary judgment [*3]to the plaintiff on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) (see CPLR 3212[b]; Carrion v City of New York, 111 AD3d 872, 873; Guaman v New Sprout Presbyt. Church of N.Y., 33 AD3d 758, 759; Cabrera v Board of Educ. of City of N.Y., 33 AD3d 641, 642; Graziano v 118-17 Liberty Ave. Mgt. Corp., 209 AD2d 582, 582-583).
We agree with the Supreme Court's determination denying that branch of ASIF's motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(e) insofar as asserted against it. This section of the Industrial Code establishes specific safety standards for scaffolds (see 12 NYCRR 23-5.1[e]; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-505; Harkin v County of Nassau, 121 AD3d 942, 943; Klimowicz v Powell Cove Assoc., LLC, 111 AD3d 605, 607). ASIF failed to make a prima facie showing that 12 NYCRR 23-5.1(e) was inapplicable to the facts of this case, or that the alleged violation thereof was not a proximate cause of the plaintiff's injuries (see Harkin v County of Nassau, 121 AD3d at 943).
We also agree with the Supreme Court's determination denying that branch of Soiefer's motion which was for conditional summary judgment on its cross claim for common-law indemnification against ASIF. Soiefer failed to eliminate triable questions of fact concerning the degree of fault attributable to each party, and, therefore, conditional summary judgment on the basis of common-law indemnification is premature (see Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089, 1093; Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; Benedetto v Carrera Realty Corp., 32 AD3d 874, 875-876).
Inasmuch as Soiefer argues that the Supreme Court should have directed dismissal of the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated upon 12 NYCRR 23-5.1(e) insofar as asserted against it, these arguments are not properly before this Court as Soiefer did not move for this relief before the Supreme Court.
CHAMBERS, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court