Heras v Ming Seng & Assoc., LLC (2022 NY Slip Op 02117)





Heras v Ming Seng & Assoc., LLC


2022 NY Slip Op 02117


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-14542
 (Index No. 704428/13)

[*1]Alvaro Heras, appellant, 
v
Ming Seng & Associates, LLC, et al., respondents (and a third-party action).


Silberstein Awad & Miklos, P.C., Garden City, NY (Daniel P. Miklos and Michael Lauterborn of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York, NY (Benjamin N. Gonson and Michael Brown of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered November 30, 2018. The order, insofar as appealed from, upon reargument, vacated a determination in an order of the same court entered June 5, 2018, granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and thereupon denied the plaintiff's motion.
ORDERED that the order entered November 30, 2018, is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a steel beam that he and a coworker were hoisting fell on him while he was working on site in Flushing. At the time of the accident, the plaintiff was employed by the third-party defendant Jeaos Corporation, the premises were owned by the defendant Ming Seng & Associates, LLC, and the defendant Reliable NYC Construction, Inc., was the general contractor on the project. The plaintiff commenced the instant action against the defendants to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). After the filing of the note of issue and certificate of readiness, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants opposed the motion. In an order entered June 5, 2018, the Supreme Court granted the motion. The defendants moved for leave to reargue their opposition to the plaintiff's motion. In an order entered November 30, 2018, the court, upon granting the defendants leave to reargue, vacated the prior determination, and thereupon denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiff appeals.
Upon reargument, the Supreme Court properly vacated its prior determination granting the plaintiff's motion, and thereupon denied the plaintiff's motion. There is no dispute on this appeal that the evidence submitted in support of the plaintiff's motion for summary judgment was sufficient to establish his prima facie entitlement to judgment as a matter of law on the cause [*2]of action alleging a violation of Labor Law § 240(1) (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39). In opposition, however, the defendants raised a triable issue of fact as to whether the plaintiff's accident resulted from a violation of the statute (see Robinson v Goldman Sachs Headquarters, LLC, 95 AD3d 1096, 1097). Where, as here, "credible evidence reveals differing versions of the accident, one under which defendants would be liable and another under which they would not, questions of fact exist making summary judgment inappropriate" (Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442; see Degen v Uniondale Union Free Sch. Dist., 114 AD3d 822, 823).
IANNACCI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court