Gamez v New Line Structures & Dev., LLC (2023 NY Slip Op 03683)

Gamez v New Line Structures & Dev., LLC

2023 NY Slip Op 03683

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-02402
 (Index No. 707629/17)

[*1]Carlos J. Gamez, et al., appellants, 
v
New Line Structures & Development, LLC, et al., respondents.

Siegel & Coonerty, LLP, New York, NY (Steven Aripotch of counsel), for appellants.
Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered February 6, 2020. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Carlos J. Gamez was employed to perform carpentry work on a project to construct two towers on property allegedly owned by the defendants Hallets Building 1 SPE, LLC, and Hallets Astoria, LLC (hereinafter together Hallets defendants). During the course of construction, Gamez was walking on a sixth floor working deck on which he observed numerous pieces of plywood. While he was walking, one of the pieces of plywood allegedly slid out from under his feet, and he fell through a hole which the plywood had been covering, landing on the deck below. According to Gamez, the plywood had not been nailed down or marked with the word "hole."
Gamez, and his wife suing derivatively, commenced this action against the Hallets defendants and the defendant New Line Structures & Development, LLC, which allegedly was functioning as a general contractor on the project. The plaintiffs alleged, among other things, that the defendants violated Labor Law § 240(1). After the completion of discovery, the plaintiffs moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). By order entered February 6, 2020, the Supreme Court, among other things, denied that branch of the motion. The plaintiffs appeal.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries" (Orellana v 7 W. 34th St., LLC, 173 AD3d 886, [*2]887; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554). Although "comparative negligence is not a defense to absolute liability under the statute," where the plaintiff is the sole proximate cause of his or her own injuries, i.e., where a statutory violation is not a proximate cause of the injuries, there can be no liability under Labor Law § 240(1) (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289; see Robinson v East Med. Ctr., LP, 6 NY3d at 554; Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160). A plaintiff's intentional or negligent conduct may be the sole proximate cause of the injuries where adequate safety devices are provided as required by the statute, but "the worker either does not use or misuses them" (Robinson v East Med. Ctr., LP, 6 NY3d at 554; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 291-292; Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160; Orellana v 7 W. 34th St., LLC, 173 AD3d at 887).
Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiffs' evidence established that the plywood, which was unsecured and unmarked, was inadequate to protect Gamez from falling through the hole in the deck, and that there were no available lifelines in place on designated anchor points on which to tie off his safety harness (see Cabrera v Arrow Steel Window Corp., 163 AD3d 758, 759; Garzon v Viola, 124 AD3d 715, 716; Valensisi v Green at Half Hollow, LLC, 33 AD3d 693, 695).
In opposition to the plaintiffs' prima facie showing, however, the defendants raised a triable issue of fact as to whether Gamez's conduct with respect to the plywood was the sole proximate cause of his injuries. Specifically, the defendants submitted deposition testimony and affidavits in which witnesses asserted that Gamez and a partner were the designated "safety carpenters" on the site whose job it was to make the holes on the deck safe for all of the workers, that there was a "strict protocol" that pieces of plywood covering holes were to be nailed down and marked "hole," and that the plywood over the hole through which Gamez fell, which was not secured or marked, was personally placed by Gamez. The defendants also submitted evidence in the form of affidavits from various witnesses, including the site safety contractor, that an appropriate fall protection system was in place with tie-off points. While the plaintiffs presented contradictory evidence, including evidence that Gamez did not place the plywood in question and evidence that the use of the plywood as opposed to other material, and the failure to secure it, was done at the direction of supervisors (see Pichardo v Aurora Contrs., Inc., 29 AD3d 879, 880-881), such credibility questions cannot be determined on a motion for summary judgment (see Baab v HP, Inc., 211 AD3d 783, 783).
The plaintiffs' remaining contention is without merit.
Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280).
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court