Iannaccone v United Natural Foods, Inc. (2023 NY Slip Op 04372)

Iannaccone v United Natural Foods, Inc.

2023 NY Slip Op 04372

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-00172
 (Index No. 33626/18)

[*1]Louis Iannaccone, appellant, 
v
United Natural Foods, Inc., defendant/third-party plaintiff-respondent; Protection One Alarm Monitoring, Inc., et al., third-party defendants-respondents.

Neimark, Coffinas & Lapp, LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Brooks & Berne, PLLC, Elmsford, NY (Richard W. Berne and Michael Andreou of counsel), for defendant/third-party plaintiff-respondent and third-party defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated November 30, 2020. The order, insofar as appealed from, granted those branches of the separate motions of the defendant/third-party plaintiff and the third-party defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the separate motions of the defendant/third-party plaintiff and the third-party defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) are denied.
On October 22, 2015, the plaintiff allegedly was injured while installing camera systems on property owned by the defendant/third-party plaintiff, United Natural Foods, Inc. (hereinafter UNF). According to the plaintiff, he set up a 24-foot extension ladder against a light pole, with the base of the ladder resting on top of small, "landscaping" rocks. While the plaintiff was on the ladder, "the rocks gave way and then shifted the ladder," causing him to fall.
In June 2018, the plaintiff commenced this action against UNF, alleging, inter alia, that UNF violated Labor Law § 240(1). Thereafter, UNF commenced a third-party action against the plaintiff's employers, the third-party defendants, Protection One Alarm Monitoring, Inc., and Protection One Systems, Inc. (hereinafter together Protection One), seeking, among other things, contractual indemnification. UNF moved for summary judgment dismissing the complaint and submitted, inter alia, a copy of the plaintiff's deposition transcript. Protection One separately moved for summary judgment dismissing the complaint, primarily relying upon UNF's submissions. In an order dated November 30, 2020, the Supreme Court, among other things, granted the separate motions of UNF and Protection One. The plaintiff appeals from so much of the order as granted those branches of the separate motions which were for summary judgment dismissing the cause of [*2]action alleging a violation of Labor Law § 240(1).
"Labor Law § 240(1) requires that safety devices such as ladders be so 'constructed, placed and operated as to give proper protection' to a worker" (Klein v City of New York, 89 NY2d 833, 834-835). To prevail on a cause of action alleging a violation of Labor Law § 240(1), "a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 840). Although an injured worker's comparative negligence is not a defense to a Labor Law § 240(1) cause of action, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1) (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289-290; Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162). A plaintiff may be the sole proximate cause of his or her own injuries when, acting as a recalcitrant worker, he or she "(1) 'had adequate safety devices available,' (2) 'knew both that' the safety devices 'were available and that [he or she was] expected to use them,' (3) 'chose for no good reason not to do so,' and (4) would not have been injured had [he or she] 'not made that choice'" (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168, quoting Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 40; see Lojano v Soiefer Bros. Realty Corp., 187 AD3d at 1162).
Here, UNF and Protection One failed to establish, prima facie, that the plaintiff's actions were the sole proximate cause of his injuries (see Thorpe v One Page Park, LLC, 208 AD3d 818, 820; Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 888; see also Begeal v Jackson, 197 AD3d 1418, 1420; Riffo-Velozo v Village of Scarsdale, 68 AD3d 839, 841; Ruiz v WDF, Inc., 45 AD3d 758, 758). Although the plaintiff testified at his deposition that he could have placed the ladder in the driveway, where it would not have been resting on the rocks, he further testified that "it wasn't safe for me to place it there, because that's where trucks drive in." Further, UNF and Protection One failed to submit evidence that the plaintiff's injuries could have been prevented if the plaintiff had secured the ladder to the light pole with ties, which were available at Protection One's depot, not the job site (see Stolt v General Foods Corp., 81 NY2d 918, 920; Wahab v Agris & Brenner, LLC, 102 AD3d 672, 674; see also Kehoe v 61 Broadway Owner LLC, 186 AD3d 1143, 1144; Grant v City of New York, 109 AD3d 961, 962).
The remaining contention of UNF and Protection One, raised as an alternative ground for affirmance, is without merit (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545).
Accordingly, the Supreme Court should have denied those branches of the separate motions of UNF and Protection One which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court