Rivas v Purvis Holdings, LLC (2023 NY Slip Op 06267)

Rivas v Purvis Holdings, LLC

2023 NY Slip Op 06267

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2019-10951
 (Index No. 2551/15)

[*1]Baltazar Rivas, et al., appellants, 
v
Purvis Holdings, LLC, et al., defendants third-party plaintiffs-respondents; All Island Masonry & Concrete, Inc., third-party defendant-respondent.

Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellants.
Wood Smith Henning & Berman LLP, New York, NY (Courtney L. Scharpf and Tracy J. Abatemarco of counsel), for defendants third-party plaintiffs-respondents.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Laura M. Mattera of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated July 2, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and denied the plaintiffs' cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
In February 2015, the plaintiff Baltazar Rivas (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action against the defendants, the owner and the general contractor of a new 28-story building being built, to recover damages for injuries allegedly sustained by the injured plaintiff at the construction site. The injured plaintiff was employed by a masonry contractor, the third-party defendant, which was hired by the defendants. The injured plaintiff testified at his deposition that he ascended a wooden ladder that had been set up by his employer between the 16th and 17th floors, prior to the installation of a permanent staircase, in order to check the status of cement on the 17th floor. He further testified that while standing on the second rung from the top of the ladder and beginning his descent on the ladder back to the 16th floor, the ladder moved, causing him to lose his balance. He also testified that he fell from the ladder to the floor of the 16th floor, approximately 8 to 10 feet beneath the rung on which he had been standing.
After the completion of discovery, the defendants moved, inter alia, for summary judgment dismissing the complaint. The plaintiffs cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
In an order dated July 2, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), and denied the plaintiffs' cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiffs appeal.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries" (Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554). Although "comparative negligence is not a defense to absolute liability under the statute," where the plaintiff is the sole proximate cause of his or her own injuries, i.e., where a statutory violation is not a proximate cause of the injuries, there can be no liability under Labor Law § 240(1) (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289; see Robinson v East Med. Ctr., LP, 6 NY3d at 554; Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160). A plaintiff's intentional or negligent conduct may be the sole proximate cause of the plaintiff's injuries where adequate safety devices are provided as required by the statute, but "the worker either does not use or misuses them" (Robinson v East Med. Ctr., LP, 6 NY3d at 554; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 291-292; Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160; Orellana v 7 W. 34th St., LLC, 173 AD3d at 887).
Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The plaintiffs' evidence established that the ladder moved underneath the injured plaintiff, causing him to fall (see Gamez v New Line Structures & Dev., LLC, 218 AD3d 446).
In opposition to the plaintiffs' prima facie showing however, the defendants raised a triable issue of fact as to whether the injured plaintiff's accident resulted from a violation of Labor Law § 240(1) (see Heras v Ming Seng & Assoc., LLC, 203 AD3d 1146, 1147). "Where, as here, 'credible evidence reveals differing versions of the accident, one under which defendants would be liable and another under which they would not, questions of fact exist making summary judgment inappropriate'" (id. at 1147, quoting Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441, 442). Accordingly, the Supreme Court properly denied the plaintiffs' cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff . . . must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657 [citations and internal quotation marks omitted]).
Here, photographs taken by the injured plaintiff the day after the accident demonstrate that the defendants did not violate 12 NYCRR 23-1.21(b)(4)(ii), as the photographs show that the subject ladder was not on a slippery surface, and that the bottom of the ladder was immobilized by the use of an appropriately secured footing (see Cordova v 653 Eleventh Avenue LLC, 190 AD3d 637, 637; Campos v 68 East 86th St. Owners Corp., 117 AD3d 593, 594). In addition, as the Supreme Court determined, the plaintiffs abandoned their reliance on provisions of the Industrial Code other than 12 NYCRR 23-1.21(b)(4)(ii) by failing to address those provisions in their opposition to the defendants' motion (see Pita v Roosevelt Union Free Sch. Dist., 156 AD3d 833, 835; Przyborowski v A & M Cook, LLC, 120 AD3d 651, 654). In any event, as the defendants contended, Industrial Code 12 NYCRR 23-1.21(b)(4)(iv) is inapplicable to the facts of this case, because the ladder at issue herein was not a leaning ladder. Moreover, the plaintiffs fail to articulate any basis to disturb the court's determination that they abandoned their reliance on any provisions of the Industrial Code other than 12 NYCRR 23-1.21(b)(4)(ii). Accordingly, the court properly [*2]granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court