Guaman-Sanango v 57 E. 72nd Corp. (2024 NY Slip Op 02305)

Guaman-Sanango v 57 E. 72nd Corp.

2024 NY Slip Op 02305

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2021-04831
 (Index No. 705862/19)

[*1]Segundo Guaman-Sanango, respondent,
v
57 East 72nd Corporation, et al., appellants.

Morrison Law Firm, P.C. (Daniel W. Morrison, Janet E. Crawford, and Lawrence, Worden, Rainis & Bard, P.C., Melville, NY [Roger B. Lawrence], of counsel) for appellants.
Oresky & Associates, PLLC (Steven Labell and Hogan & Cassell, LLP, Jericho, NY [Michael Cassell], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 15, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant 57 East 72nd Corporation.
ORDERED that the appeal by the defendant Rialto Management Corp. is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant 57 East 72nd Corporation; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On September 27, 2018, the plaintiff allegedly was injured when in the course of his employment, he fell from a ladder while performing renovation work in an apartment located at 59 East 72nd Street. At the relevant time, the defendant 57 East 72nd Corporation (hereinafter 57 East) was the owner of the building and the defendant Rialto Management Corp. (hereinafter Rialto) managed the building. The nonparty owners of the apartment hired nonparty GSK Contracting Corp., the plaintiff's employer, to perform the renovation work.
The plaintiff commenced this personal injury action against the defendants, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), (2), and 241(6). The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In an order entered June 15, 2021, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against 57 East. The court denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability [*2]on the Labor Law § 240(1) cause of action insofar as asserted against Rialto, finding that a triable issue of fact existed as to whether Rialto was a statutory agent of 57 East. The defendants appeal.
"Labor Law § 240(1) 'imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker'" (Zong Wang Yang v City of New York, 207 AD3d 791, 794, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7; see Thorpe v One Page Park, LLC, 208 AD3d 818, 820). "Specifically, with respect to accidents involving ladders, 'liability will be imposed when the evidence shows that the subject ladder was . . . inadequately secured and that . . . the failure to secure the ladder, was a substantial factor in causing the plaintiff's injuries'" (Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 786, quoting Canas v Harbour at Blue Point Home Owners Assn., Inc., 99 AD3d 962, 963). "[I]f a statutory violation is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290). "Although an injured worker's comparative negligence is not a defense to a Labor Law § 240(1) cause of action, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Iannaccone v United Natural Foods, Inc., 219 AD3d 819, 820; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162). "A plaintiff may be the sole proximate cause of his or her own injuries when, acting as a recalcitrant worker, he or she '(1) had adequate safety devices available, (2) knew both that the safety devices were available and that [he or she was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [he or she] not made that choice'" (Iannaccone v United Natural Foods, Inc., 219 AD3d at 820, quoting Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [internal quotation marks omitted]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 40; Lojano v Soiefer Bros. Realty Corp., 187 AD3d at 1162).
Here, in opposition to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against 57 East, the defendants failed to raise a triable issue of fact. The unsigned, unsworn, and uncertified transcripts of audio recordings of interviews with the plaintiff's supervisor and a nonparty contractor submitted by the defendants were inadmissible (see Elentuck v New York City Tr. Auth., 188 AD3d 825, 825-826). In any event, even accepting all of the statements in the audio recordings as true, the recordings failed to raise a triable issue of fact as to whether the plaintiff was a recalcitrant worker and the sole proximate cause of the accident (see Stolt v General Foods Corp., 81 NY2d 918, 920; Iannaccone v United Natural Foods, Inc., 219 AD3d at 820-821; Baugh v New York City Sch. Constr. Auth., 140 AD3d 1104, 1106). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against 57 East. For the same reasons, we decline to search the record and award 57 East summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it.
Additionally, we decline to search the record and award Rialto summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against it. While the defendants contend that Rialto did not exercise control or authority over the renovation work that resulted in the plaintiff's injuries, and therefore cannot be held liable as a statutory agent of 57 East, an alteration agreement between Rialto and the nonparty owners of the apartment raised a triable issue of fact as to the extent to which Rialto had supervisory control and authority over the renovation work (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 434; cf. Walls v Turner Constr. Co., 4 NY3d 861, 864). For that reason, we also decline to grant the plaintiff's request to search the record and award him summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Rialto (see Barreto v Metropolitan Transp. Auth., 25 NY3d at 434).
LASALLE, P.J., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court