Villalta v Tonka Realty On 5th, LLC (2025 NY Slip Op 02237)

Villalta v Tonka Realty On 5th, LLC

2025 NY Slip Op 02237

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-01856
 (Index No. 516589/21)

[*1]Jose Villalta, appellant, 
v
Tonka Realty On 5th, LLC, et al., respondents.

Block O'Toole & Murphy, LLP, New York, NY (Christina R. Mercado of counsel), for appellant.
Kennedys Law LLP, New York, NY (Michael R. Schneider and Nitin Sain of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated November 16, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in connection with an accident that occurred while working on a demolition project at premises owned by the defendant Tonka Realty On 5th, LLC. At the time of the accident, the plaintiff was instructed to use a rubber-footed, metal ladder situated on plywood flooring to go from the first floor to the second floor of the worksite. As the plaintiff attempted to descend the ladder, upon finishing his work on the second floor, he fell from the ladder and sustained injuries. The plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The Supreme Court denied the motion.
"To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Correa v 455 Ocean Assoc., LLC, 218 AD3d 435, 436 [internal quotation marks omitted]; see Iannaccone v United Natural Foods, Inc., 219 AD3d 819, 820). "The mere fact that a plaintiff fell from a ladder does not, in and of itself, establish a violation of the statute; however, a plaintiff may establish prima facie entitlement to judgment as a matter of law by showing both that he or she fell from a defective or unsecured ladder, and that the defect or failure to secure the ladder was a proximate cause of his or her injuries" (Alvarez v 2455 8 Ave, LLC, 202 AD3d 724, 725; see Injai v Circle F 2243 Jackson [DE], LLC, 230 AD3d 1122, 1124).
Here, in support of his motion for summary judgment, the plaintiff submitted, inter alia, transcripts of his deposition testimony and that of a worksite superintendent who witnessed the accident. According to the plaintiff, he descended the ladder by putting his right foot on a rung of the ladder and, as he moved his left foot to the ladder, the bottom of the ladder "slipped back," which caused him to fall. According to the superintendent, as the plaintiff was bringing his left foot down to the second rung of the ladder, the plaintiff's left foot "missed the run[g] completely" and "went through the ladder," which caused the plaintiff to fall and take the ladder with him. The [*2]superintendent did not see the ladder move prior to the plaintiff's misstep. Where, as here, "credible evidence reveals differing versions of the accident," one under which a defendant would be liable and another under which it would not, questions of fact exist making summary judgment inappropriate (Heras v Ming Seng & Assoc., LLC, 203 AD3d 1146, 1147 [internal quotation marks omitted]; see Rivas v Purvis Holdings, LLC, 222 AD3d 676, 677).
Labor Law § 241(6) imposes a nondelegable duty on "owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [internal quotation marks omitted]; see St. Louis v Town of N. Elba, 16 NY3d 411, 413). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of a sufficiently specific Industrial Code provision that is applicable under the circumstances of the case (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 503-505; Davila v City of New York, 232 AD3d 580, 583; Rivas v Purvis Holdings, LLC, 222 AD3d at 678).
Here, the Labor Law § 241(6) cause of action was predicated on 12 NYCRR 23-1.21(b)(4)(i), which is sufficiently specific (see Haimes v New York Tel. Co., 46 NY2d 132, 134 n 2; Estrella v GIT Indus., Inc., 105 AD3d 555, 555-556). 12 NYCRR 23-1.21(b)(4)(i) requires, in part, that "[a]ny portable ladder used as a regular means of access between floors or other levels in any building . . . shall be nailed or otherwise securely fastened in place." However, for the reasons set forth above, the plaintiff's submissions failed to eliminate triable issues of fact as to whether 12 NYCRR 23-1.21(b)(4)(i) was violated or whether such violation was a proximate cause of his injuries (see Injai v Circle F 2243 Jackson [DE], LLC, 230 AD3d at 1124-1125).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court