Acosta v Shanahan Group, LLC (2025 NY Slip Op 04077)

Acosta v Shanahan Group, LLC

2025 NY Slip Op 04077

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-08468
 (Index No. 55882/20)

[*1]Fermin Gonzalez Acosta, et al., appellants- respondents, 
v
Shanahan Group, LLC, respondent-appellant (and third-party actions).

Sanders, Aronova, Grossman, Woycik, Viener & Kalant, PLLC, Garden City, NY (Mark R. Bernstein of counsel), for appellants-respondents.
Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant cross-appeals, from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated August 31, 2022. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff Fermin Gonzalez Acosta (hereinafter the injured plaintiff), while working at a construction site, allegedly was injured when a rafter he was standing on collapsed. In June 2020, the injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the defendant, alleging, among other things, a violation of Labor Law § 240(1). In April 2022, the defendant moved, inter alia, for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). In June 2022, the plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and filed separate opposition to the defendant's motion. In an order dated August 31, 2022, the Supreme Court, among other things, denied that branch of the defendant's motion and denied the plaintiff's motion.
The Supreme Court properly denied the plaintiffs' motion as untimely. The plaintiffs' motion was filed months after the deadline imposed by the court for the filing of summary judgment motions had elapsed, and the plaintiffs failed to demonstrate good cause for their delay (see CPLR 3212[a]; Dojce v 1302 Realty Co., LLC, 199 AD3d 647, 650; Vitale v Astoria Energy II, LLC, 138 AD3d 981, 984). Contrary to the plaintiffs' contention, their motion did not raise nearly identical issues as the defendant's timely motion, which addressed substantively different aspects of the alleged Labor Law § 240(1) violation (see generally Dojce v 1302 Realty Co., LLC, 199 AD3d at 650; Vitale v Astoria Energy II, LLC, 138 AD3d at 984).
The Supreme Court also properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). "'Labor Law § 240(1) requires that safety devices such as ladders be so 'constructed, placed and operated as to give proper protection' to a worker'" (Iannaccone v United Natural Foods, Inc., 219 AD3d 819, 820, quoting Klein v City of New York, 89 NY2d 833, 834-835). Although an injured worker's comparative negligence is not a defense to a cause of action alleging a violation of Labor Law § 240(1), "where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Iannaccone v United Natural Foods, Inc., 219 AD3d at 820). "A plaintiff may be the sole proximate cause of his or her own injuries when, acting as a recalcitrant worker, he or she (1) had adequate safety devices available, (2) knew both that the safety devices were available and that [he or she was] expected to use them, (3) chose for no good reason not to do so, and (4) would not have been injured had [he or she] not made that choice" (Iannaccone v United Natural Foods, Inc., 219 AD3d at 820 [internal quotation marks omitted]).
Here, the defendant failed to establish, prima facie, that the injured plaintiff's actions were the sole proximate cause of his injuries. Although the injured plaintiff testified at his deposition that he could probably have reached the area where he needed to work using an available ladder, the defendant's evidence did not establish that the injured plaintiff could have accomplished his task using that ladder or that the injured plaintiff knew that he was expected to use the ladder to accomplish the task (see Iannaccone v United Nat. Foods, Inc., 219 AD3d at 820). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not examine the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court