Buzzetta v NYU Hosps. Ctr. (2025 NY Slip Op 04623)

Buzzetta v NYU Hosps. Ctr.

2025 NY Slip Op 04623

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-10382
 (Index No. 506177/19)

[*1]Salvatore Buzzetta, respondent, 
v
NYU Hospitals Center, et al., appellants (and a third-party action).

Newman Myers Kreines Harris, P.C., New York, NY (Gretchen A. Becht of counsel), for appellants.
Arze & Mollica, LLP, Brooklyn, NY (Raymond J. Mollica of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated October 11, 2023. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2018, the plaintiff was performing demolition work at a hospital owned by the defendants when he allegedly fell from a ladder and was injured. The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). By order dated October 11, 2023, the Supreme Court, among other things, granted the plaintiff's motion. The defendants appeal.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse Supply Co., 25 NY3d 117, 124). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must show, prima facie, that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Lochan v H & H Sons Home Improvement, Inc., 216 AD3d 630, 632).
Here, the plaintiff made a prima facie showing of his entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) by submitting, inter alia, a transcript of his deposition testimony, which showed that he was using a chipping gun to demolish a cement wall when the ladder he was provided with, which was unsecured, twisted and fell, causing him to fall (see Paiba v 56-11 94th St. Co., LLC, 228 AD3d 881, 882; Cioffi v Target Corp., 188 AD3d 788, 791; Melchor v Singh, 90 AD3d 866, 868-869).
In opposition, the defendants failed to raise a triable issue of fact. Insofar as the [*2]defendants contend that a triable issue of fact exists concerning whether the plaintiff was the sole proximate cause of the accident by being a recalcitrant worker who did not properly use, or disregarded, the available safety devices, there is no evidence in the record to support this contention (see Orellana v 7 W. 34th St., LLC, 173 AD3d 886). Further, contrary to the defendants' contention, the record evidence does not reveal "differing versions of the accident, one under which defendants would be liable and another under which they would not" (Heras v Ming Seng & Assoc., LLC, 203 AD3d 1146, 1147).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court